**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Danielle L. White aka Danielle Robinson <br> <u>Debtor(s)</u> | CHAPTER 13 |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust <br> <u>Moving Party</u> <br> vs. | NO. 22-10870 AMC |
| Danielle L. White aka Danielle Robinson <br> <u>Debtor(s)</u> | <u>11 U.S.C. Section 362</u> |
| Kenneth E. West <br> <u>Trustee</u> | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of December 16, 2024, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$1,611.23**. Post-petition funds received after December 16, 2024, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2024 through December 2024 at $807.41 each |
| Suspense Balance: | ($3.59) |
| **Total Post-Petition Arrears:** | **$1,611.23** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$1,611.23**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$1,611.23** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **January 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$807.41** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order7 granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  December 18, 2024            /s/ Denise Carlon
                                    Denise Carlon, Esq.
                                    Attorney for Movant

Date:  December 20, 2024            /s/ Michelle Lee
                                    Michelle Lee, Esq.
                                    Attorney for Debtor

                                    No Objection - Without Prejudice to Any
                                    Trustee Rights or Remedies
                                    /s/ LeeAne O. Huggins
Date:  December 26, 2024            _____
                                    Kenneth E. West
                                    Chapter 13 Trustee

Approved by the Court this <u>13th</u> day of <u>Jan., 2025.</u>, 2~~024~~.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan