-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re: Danielle White,** | : | **Chapter 13** |
| | : | |
| | : | |
| **Debtor.** | : | **Bky. No. 22-10870 (DJB)** |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation and Reimbursement of Expenses [Dkt. No. 167] and Supplemental Application for Compensation and Reimbursement of Expenses [Dkt. No. 166] (together the "Applications") filed by Michelle Lee (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation for legal services provided to the Debtor in this Chapter 13 case prior to and post confirmation;

**AND** this debtor having originally confirmed a Chapter 13 Plan on November 16, 2023 [Dkt. No. 104];

**AND** Applicant seeking compensation prior to confirmation of such Plan of $6,339.01 plus expenses of $398.00;

**AND** after several additional post-confirmation proceedings and, having modified said confirmed plan on February 14, 2025 [Dkt. No. 141, 147] and Applicant now seeks an additional $5,000.00 for services provided post-confirmation;

**AND**, upon the Applicant's certification that proper service of the Applications has been made on all interested parties;

**AND**, upon the Applicant's certification of no response;

-

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which. . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant [Dkt. No. 166 and 175] and the services provided in this case together with the Amended Attorney Disclosure (the "Disclosure") [Dkt. No. 174] of the compensation the Applicant agreed to accept in connection with the case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1.      The Application is **GRANTED IN PART AND DENIED IN PART.**

---

[1]  Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) (en banc)).

[2]  In the Disclosure, the Applicant agreed to accept $6,000.00 (less prepetition payments made) through the Chapter 13 Plan, but the Applicant seeks $6,339.01 in the Application.

-

2.      The Applicant is allowed compensation in the aggregate amount of $11,000.00[1] on the

Applications together with reimbursement of expenses in the amount of $398.00

3.      The Chapter 13 Trustee is therefore authorized to distribute to the Applicant the allowed

compensation and reimbursement of expenses, less the amount of $150.00 previously

paid by the Debtor prepetition, as an administrative expense pursuant to 11 U.S.C.

§1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B) from amounts

collected from the debtor during the pendency of the Chapter 13 case.

4.      Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to

distribute the funds in his possession derived from the pre-confirmation Chapter 13 plan

payments of the Debtor(s) to pay the allowed compensation.

5.      All other compensation requested in the Applications are **DISALLOWED**.

**Date: April 3, 2026**
_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

---

[1] The $11,000.00 is comprised of the allowance of $6,000.00 on the Application at [Dkt No. 167] (as reduced to be consistent with the Disclosure) and $5,000.00 on the Application at [Dkt No. 166].