United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-10870-djb |
| Danielle L. White | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 03, 2026 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 05, 2026:**

**Recip ID**      **Recipient Name and Address**
db      + Danielle L. White, 1736 N. 61st Street, Philadelphia, PA 19151-3923

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| **Recip ID** | **Notice Type: Email Address** | **Date/Time** | **Recipient Name and Address** |
|---|---|---|---|
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 04 2026 00:05:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 3, 2026 at the address(es) listed below:**

**Name**      **Email Address**

CHRISTOPHER A. DENARDO

on behalf of Creditor JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC logsecf@logs.com

KENNETH E. WEST

ecfemails@ph13trustee.com  philaecf@gmail.com

KENNETH E. WEST

on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com

MATTHEW K. FISSEL

District/off: 0313-2        User: admin        Page 2 of 2

Date Rcvd: Apr 03, 2026        Form ID: pdf900        Total Noticed: 2

on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

MICHELLE LEE

on behalf of Debtor Danielle L. White bky@dilworthlaw.com  ksheronas@dilworthlaw.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In Re: Danielle White,                          :          **Chapter 13**

                                                :

                                                :

              Debtor.                           :          **Bky. No. 22-10870 (DJB)**

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation and
Reimbursement of Expenses [Dkt. No. 167] and Supplemental Application for Compensation
and Reimbursement of Expenses [Dkt. No. 166] (together the "Applications") filed by Michelle
Lee (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of
compensation for legal services provided to the Debtor in this Chapter 13 case prior to and post
confirmation;

**AND** this debtor having originally confirmed a Chapter 13 Plan on November 16, 2023
[Dkt. No. 104];

**AND** Applicant seeking compensation prior to confirmation of such Plan of $6,339.01
plus expenses of $398.00;

**AND** after several additional post-confirmation proceedings and, having modified said
confirmed plan on February 14, 2025 [Dkt. No. 141, 147] and Applicant now seeks an additional
$5,000.00 for services provided post-confirmation;

**AND**, upon the Applicant's certification that proper service of the Applications has been
made on all interested parties;

**AND**, upon the Applicant's certification of no response;

-

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which. . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant [Dkt. No. 166 and 175] and the services provided in this case together with the Amended Attorney Disclosure (the "Disclosure") [Dkt. No. 174] of the compensation the Applicant agreed to accept in connection with the case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1.    The Application is **GRANTED IN PART AND DENIED IN PART.**

---

[1]  Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) (en banc)).

[2]  In the Disclosure, the Applicant agreed to accept $6,000.00 (less prepetition payments made) through the Chapter 13 Plan, but the Applicant seeks $6,339.01 in the Application.

-

2.      The Applicant is allowed compensation in the aggregate amount of $11,000.00[1] on the

Applications together with reimbursement of expenses in the amount of $398.00

3.      The Chapter 13 Trustee is therefore authorized to distribute to the Applicant the allowed

compensation and reimbursement of expenses, less the amount of $150.00 previously

paid by the Debtor prepetition, as an administrative expense pursuant to 11 U.S.C.

§1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B) from amounts

collected from the debtor during the pendency of the Chapter 13 case.

4.      Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to

distribute the funds in his possession derived from the pre-confirmation Chapter 13 plan

payments of the Debtor(s) to pay the allowed compensation.

5.      All other compensation requested in the Applications are **DISALLOWED**.

**Date: April 3, 2026**

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

---

[1] The $11,000.00 is comprised of the allowance of $6,000.00 on the Application at [Dkt No. 167] (as reduced to be consistent with the Disclosure) and $5,000.00 on the Application at [Dkt No. 166].